UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **KRISTI STEVENS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:23-cv-00323-CCB-SLC |
| | ) |
| **MARION GENERAL HOSPITAL, INC.,** | ) |
| *doing business as* **Marion Health,** | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court in this employment discrimination and retaliation action is a motion for an award of costs and attorney fees under Federal Rule of Civil Procedure 37(d) filed by Defendant Marion General Hospital, Inc. ("Marion Health"), seeking sanctions against Attorney Chad Buell, counsel to Plaintiff Kristi Stevens, due to Buell's and Stevens's failure to appear for Stevens's deposition on May 29, 2024. (ECF 15, 16). Briefing on the motion is now complete, including a response and a reply (ECF 16, 18, 21), and the motion is ripe for adjudication. For the following reasons, Marion General's motion for sanctions will be DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 28, 2023, Stevens, a registered nurse, filed this suit against her former employer, Marion Health, advancing claims of sex discrimination, sex harassment/hostile work environment, and retaliation under Title VII, as well as disability discrimination under The Americans with Disabilities Act (ADA). (ECF 1). On September 26, 2023, the Court conducted a preliminary pretrial conference, setting a discovery deadline of July 15, 2024, and a dispositive motions deadline of August 15, 2024. (ECF 12, 13).

On March 27, 2024, Phillip Jones, counsel for Marion Health, emailed Buell attempting to schedule a date for Marion Health's deposition of Stevens—along with a date for mediation that is of tangential relevance to the underlying motion. (ECF 16 at 1; ECF 16-1). Jones initially suggested the possible deposition dates of May 13, 14, 15, and 17, 2024, to which Buell counter-proposed May 28, 29, 30, or 31, 2024, given that Buell would be out of the country on the dates Jones suggested. (ECF 16 at 1; ECF 16-1 at 2). Buell also included a caveat that Stevens's availability would need to be confirmed before the deposition date could be finalized. (*Id.*).

On April 9, 2024, Jones again emailed Buell seeking to confirm Stevens's availability for her deposition on May 28, 2024. (ECF 16 at 1-2; ECF 16-1 at 11). Jones sent a follow-up email the next day (April 10), noting a mistake in the deposition date from the April 9th email, correcting the date of the proposed deposition to May 29, 2024, and requesting that Buell confirm Stevens's availability. (ECF 16 at 2; ECF 16-1 at 13).

On April 12, 2024, Jones sent a subsequent email to Buell indicating that Jones had left a voicemail to Buell's phone and attaching a Notice of Video Deposition for Stevens's deposition—set for May 29, 2024, at 9:30 a.m. at the offices of Ice Miller in Indianapolis. (ECF 16 at 2; ECF 16-1 at 15-18).

Buell and Stevens failed to appear for the deposition on May 29, 2024. (ECF 16 at 2). Marion Health reports that at 9:52 a.m., "Jones called . . . Buell and asked whether he and Plaintiff were planning to attend the previously scheduled deposition" to which "Buell stated that he was not aware that Plaintiff's deposition was being held that day and did not have the deposition on his calendar." (*Id.*). Marion Health further reports that Buell stated he could not recall whether he ever informed Stevens of the deposition date. (*Id.*).

## II. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 37(d)(1)(A) provides, in relevant part, that the court "may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition . . . ." As to types of sanctions, Rule 37(d) provides:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3).

## III. ANALYSIS

Marion Health requests that Buell be sanctioned for failing to attend and produce Stevens for the May 29, 2024, deposition. Marion Health seeks attorney fees, court reporter costs, and videographer costs associated with the May 29, 2024, deposition. Stevens opposes Marion General's motion, arguing that 1) Marion General improperly served its notice of deposition—in violation of Federal Rule of Civil Procedure 5(b)(2)(E), and 2) Buell never confirmed that he and Stevens would attend the May 29th deposition after the April 10th email was sent by Jones to confirm Buell's and Stevens's attendance. The Court finds Stevens's arguments persuasive.

Rule 5(a)(1)(C) provides that a discovery paper is required to be served on every party, unless the court or the Federal Rules of Civil Procedure state otherwise. Fed. R. Civ. P. 5(a)(1)(C). A notice of deposition is considered a discovery paper. Fed. R. Civ. P. 5 advisory committee's note to 2000 amendment ("'Discovery requests' includes deposition notices . . . ."). Under Rule 5, proper service of a discovery paper required to be served on a party can be

achieved by "sending it . . . by . . . electronic means that the person consented to in writing—in . . . which event[] service is complete upon . . . sending, but is not effective if the . . . sender learns that it did not reach the person to be served . . . ." Fed. R. Civ. P. 5(b)(2)(E).[1]

Marion Health argues that "counsel for both parties have accepted electronic service throughout the entirety of this lawsuit[,]" assumedly meaning that the parties have created a precedent for email service of discovery that must be honored. (ECF 21 at 1). Counsel for the parties might very well have accepted some electronic service by email during discovery, however, past practice between the parties does not undermine the Federal Rules of Civil Procedure and this Court's Local Rules. Rule 5 clearly indicates that service can be made via electronic means—email in this instance—"that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E).

This Court has previously confronted the issue of proper notice to a deposition, in which a party *did* consent to notice via email. *See Kuberski v. Allied Recreation Grp., Inc.,* No. 1:15-cv-00320-RL-SLC, 2017 WL 3327648, at *5 (N.D. Ind. Aug. 3, 2017) (holding consent to a deposition notice sent by email was proper when the consenter stated in writing "You may always serve discovery on my office via email if you wish, in addition to ordinary mail, as it will speed up the process on our end."), *objections overruled*, No. 1:15-CV-320-HAB, 2019 WL 2281633 (N.D. Ind. May 29, 2019). In that case the Court found that a party's written consent in email "satisfie[d] the written consent to electronic service required by Rule 5(b)(2)(E)." *Id.* Contrary to Marion Health's argument, past practice—as contended here—does not circumvent

---

[1] Rule 5(b)(2)(E) also allows service of discovery by the Court's electronic filing system (CM/ECF), but Local Rule 26-2(a)(1) precludes parties from filing deposition notices by CM/ECF, unless the case involves a *pro se* party. *See* N.D. Ind. L.R. 5(a). Therefore, service of the deposition notice through CM/ECF was not an available option to Marion Health.

the requirement of proper notice under the Federal Rules of Civil Procedure and "does not equate to written consent for all discovery." *Walton v. First Merchs. Bank,* No. 1:17-cv-01888-JMS-MPB, 2019 WL 920883, at *3 (S.D. Ind. Feb. 5, 2019) (citing *Kuberski,* No. 1:15-CV-00320-RL-SLC, 2017 WL 3327648), *R. & R. adopted*, 2019 WL 918593 (S.D. Ind. Feb. 25, 2019).

In sum, because Marion Health did not issue proper notice of Stevens's deposition pursuant to Rule 5(b)(2)(E), an award of costs and attorney fees against Buell due to his and Stevens's failure to attend Stevens's deposition would be unjust under the circumstances. Therefore, Marion Health's motion for sanctions of attorney fees and costs will be denied.

### IV. CONCLUSION

For the aforementioned reasons, Marion Health's motion for an award of costs and attorney fees (ECF 15) is DENIED.

SO ORDERED.

Entered this 13th day of September 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge